IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-00160-D

JOSEPH PIRELA, )
 )
      Plaintiff, )
 ) MEMORANDUM AND
v. ) RECOMMENDATION
 )
THE STATE OF FLORIDA, et al., )
 )
      Defendants. )

This matter is before the court for a memorandum and recommendation on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 [DE-1] and for frivolity review of the complaint [DE-1-1, 1-2] pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, but the complaint fails to state a claim and is frivolous. Accordingly, it is recommended that the application to proceed *in forma pauperis* be allowed and the complaint be dismissed.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are

'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent

2

standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff appears to allege that Defendants—who include among others the state of Florida, several Miami police officers, the city of Miami, Jackson Hospital, the Florida Attorney General, the Miami Department of Children and Families, and several individuals, some of whom were named in a prior suit filed by Plaintiff—participated in fraud, conspiracy, and money laundering that resulted in Plaintiff being wrongly prosecuted in violation of his Constitutional rights.[1] [DE-1-1]. And, although not entirely clear, it appears Plaintiff seeks to appeal or obtain other relief based on his allegedly wrongful state court criminal convictions. *Id.*

Plaintiff's complaint is illogical, convoluted, and lacks an arguable basis in fact. *Neitzke*, 490 U.S. at 325. Furthermore, under the *Rooker-Feldman* doctrine, federal courts lack subject-matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

---

[1] Plaintiff brought other cases in the United States District Court for the Southern District of Florida and a case in this court related to the facts alleged here, all of which were dismissed on frivolity review. *See Pirela v. Miranda*, No. 5:15-CV-607-D, [DE-32] (E.D.N.C. June 9, 2016) (unpublished), *appeals dismissed*, No. 16-1815 (4th Cir. Oct. 17, 2016) & No. 16-2356 (4th Cir. Mar. 16, 2017); *Pirela v. Calderon*, No. 1:16-CV-20369-FAM, [DE-11] (S.D. Fla. Feb. 5, 2016) (unpublished); *Pirela v. Calderon*, No. 1:15-CV-22899-KMW, [DE-8] (S.D. Fla. Aug. 5, 2015) (unpublished); *Pirela v. Ros-Lehtinen*, No. 1:14-CV-23616-DPG, [DE-18] (S.D. Fla. Jan. 30, 2015) (unpublished).

Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. *See* 28 U.S.C. § 1257(a). Plaintiff may not use this action to collaterally attack a state court criminal conviction. *See Ruffin v. North Carolina*, No. 5:15-CV-85-FL, 2015 WL 6457186, at *4 (E.D.N.C. Oct. 5, 2015) (unpublished) (citing *Newman v. Alexander*, No. Civ. A. 7:02CV01024, 2003 WL 1746320, at *4 (W.D. Va. Apr. 1, 2013) (unpublished) ("[Plaintiff] is essentially attempting to attack her criminal conviction by accusing the judicial officers involved in her criminal prosecution of conspiring against her. The *Rooker-Feldman* doctrine prohibits this court from hearing claims that seek to determine whether the decisions of a state court were wrong."); *Richardson v. Greene*, No. 5:11-CV-202-H, 2011 WL 8318429, at *1 (E.D.N.C. July 6, 2011) (unpublished) (affirming as frivolous plaintiff's complaint which sought review of a state court decision denying his request for appeal of a state court criminal conviction); *Dye v. Hatfield*, No. Civ.1:03CV01077, 2004 WL 3266029, at *5 (M.D.N.C. Aug. 26, 2004) (unpublished) (finding that civil rights claims based upon "an alleged conspiracy among virtually everyone involved with the North Carolina state court system" which "appear to be nothing more than a collateral attack on decisions of the North Carolina state courts in civil and criminal matters" were barred by *Rooker-Feldman*)). Finally, to the extent Plaintiff seeks "to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must demonstrate "that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has pleaded no facts from which the court could find the requirements of *Heck* are satisfied. Accordingly, it is recommended

that the complaint be dismissed as frivolous.

### III. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that the application to proceed *in forma pauperis* be allowed and the complaint be dismissed as frivolous.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **May 10, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v.*

5

*Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SUBMITTED, the 26 day of April 2017.

Robert B. Jones, Jr.
United States Magistrate Judge