IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-160-D

| | |
|---|---|
| JOSEPH PIRELA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| STATE OF FLORIDA, et al., | ) |
| | ) |
| Defendants. | ) |

On April 26, 2017, Magistrate Judge Jones issued a Memorandum and Recommendation
("M&R") [D.E. 5]. In that M&R, Judge Jones recommended that plaintiff's application to proceed
in forma pauperis be granted and that the complaint be dismissed as frivolous. On April 24, 2017,
plaintiff moved to amend his complaint and for names [D.E. 7]. On May 1, 2017, plaintiff filed a
second motion to proceed in forma pauperis [D.E. 8], a motion to strike [D.E. 9], and a motion for
discovery [D.E. 10]. On May 11, 2017, plaintiff filed a motion for an extension of time to object to
the M&R [D.E.11], exhibits [D.E. 12], and objections to the M&R [D.E. 13]. On May 18, 2017,
Pirela moved to clear [D.E. 14] and to strike [D.E. 15].

The Federal Magistrates Act requires a district court to make a de novo determination of
those portions of the magistrate judge's report or specified proposed findings or recommendations
to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th
Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely
objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that
there is no clear error on the face of the record in order to accept the recommendation." Diamond,
416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

As for the objections, the court has reviewed the objections and the M&R de novo. Plaintiff's objections are baseless and delusional and are overruled. As for Pirela's motion to clear, Pirela has failed to state an entitlement to any relief from this court because his motion is incomprehensible and the court cannot identify what relief Pirela seeks. Pirela's motion to strike apparently challenges the testimony of witnesses in his state-court trial. Pirela must make that argument in state court. See, e.g., Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004)

In sum, Pirela's applications to proceed in forma pauperis [D.E. 1, 8] are GRANTED, and Pirela's complaint is DISMISSED as frivolous. Pirela's motions to amend and for names [D.E. 7], to strike [D.E. 9], for discovery [D.E. 10], for an extension of time [D.E.11], to clear [D.E. 14] and to strike [D.E. 15] are DENIED. The clerk shall close the case.

SO ORDERED. This $\underline{5}$ day of June 2017.

JAMES C. DEVER III
Chief United States District Judge